# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO MICHAEL MCELFRESH,<br><br>    Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | Case No.: 1:19-cv-823 - JLT<br><br>ORDER TO DEFENDANT TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE IMPOSED FOR FAILURE TO COMPLY WITH THE COURT'S ORDER |

Francisco Michael McElfresh seeks judicial review of a decision to denying his application for Social Security benefits. (Doc. 1) On June 24, 2019, the Court issued its Scheduling Order, setting forth the applicable deadlines. (Doc. 6)

Plaintiff filed an opening brief in this action on January 17, 2020. (Doc. 14) Pursuant to the terms of the Scheduling Order, within thirty date of service, the Commissioner was to file a responsive brief. (Doc. 6 at 3) Thus, the Commissioner's response was due February 18, 2020.[1] To date, the Commissioner has not responded to Plaintiff's opening brief or requested an extension of time to comply with the Court's order.

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a

---

[1] The filing deadline was extended from February 16 to February 18, 2020, because February 16 fell on a Sunday and the following day was federal holiday. *See* Fed. R. Civ. Pro. 6(a)(1)(C) ("if the last day [of a filing deadline] is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday").

1

party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court impose sanctions, including terminating sanctions, for a party's failure to obey a court order or failure to comply with local rules. *See*, *e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (imposing sanctions terminating for failure to comply with an order); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (imposing terminating sanctions for failure to comply with a court order); *Henderson v. Duncan,* 779 F.2d 1421, 1424 (9th Cir. 1986) (sanctions for failure to prosecute and to comply with local rules).

Accordingly, within 14 days the Commissioner **SHALL** show cause in writing why the sanctions should not be imposed for failure to follow the Court's order or to file a response to Plaintiff's opening brief.

IT IS SO ORDERED.

Dated: **February 21, 2020**          **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE